**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Silvestre Carlos RESENDEZ–VILLA-VUEVA, also known as Silvestre Carlos Resendez, also known as Silvtre Carlos Resendez, also known as Silvestre Carlos Resendez–Villanueva, also known as Silvestre C. Resendez, also known as Silvestre Carlos Resendez Villavueva, Defendant–Appellant.**

**No. 12–20693**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 2, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

1. It is immaterial here that Samuels had an additional motive of collecting the insurance payout for the destroyed van.

Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Silvestre Carlos Resendez–Villavueva pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 95 months of imprisonment and one year of supervised release. He raises an argument that he concedes is foreclosed by *United States v. Morales–Mota,* 704 F.3d 410 (5th Cir.2013), which held that Texas's definition of "owner" did not take the Texas crime of burglary of a habitation outside the generic definition of the enumerated crime of violence of burglary of a dwelling under U.S.S.G. § 2L1.2(b)(1)(A)(ii) of the Federal Sentencing Guidelines. The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.